# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Bankruptcy Case No.05-16624-HRT |
| Grant G. Kirksey ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |

## ORDER DENYING MOTION to REOPEN and SET ASIDE

This matter comes before the Court on Debtor's Motion to Reopen Pursuant to Local Rule 5010-1 and Motion to Set Aside Discharge Order Per Rule 60(b)(5), filed June 7, 2010 (docket #10).

As a preliminary matter, the Court notes that Debtor's motion violates the very rule upon which he relies.[1] He has failed to serve his motion on the applicable parties as required by L.B.R. 5010-1. Nevertheless, the Court will overlook this deficiency and rule on the merits of Debtor's motion, as correction of the violation would be futile, as shown below.

Debtor requests that the Court reopen his 2005 bankruptcy case so that he may be allowed to have the discharge order set aside and complete his intended plan to pay off the Creditors whose debts were discharged in that case.

Debtor explains that he has accomplished as many of his desired payoff actions as he has been able to while the discharge is outstanding but that some Creditors are unwilling to negotiate with him while the order remains in place. Similarly, he has been precluded from having state court records of judgments against him denoted as 'Satisfied' rather than 'Discharged' even if the Creditor reports that it has been paid in full pursuant to negotiations with Debtor.

---

[1] While Debtor's motion as originally filed was also unsigned, the following day he filed a revised third page that included a signature so that deficiency has been corrected.

Essentially it is Debtor's position that his fresh start was successful in allowing him to get his finances back on track except that, to be complete, he would need to be able to complete the process by negotiating payment of his remaining outstanding debts. He argues that it is within the Court's equitable powers to allow this final step that would let him complete the payoffs to his Creditors.

Debtor relies on 11 U.S.C. § 350 (b) as a basis for his requests. As noted by Debtor, § 350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." While Debtor argues that it is within the Court's discretion to reopen a case, that is only part of the relief requested. Reopening of a Chapter 7 case, by itself, affords no independent relief, but merely gives a bankruptcy court opportunity to act on a substantive request for relief. *In re David*, 106 B.R. 126, 128-29 (Bkrtcy.E.D.Mich.1989).

Consequently, the next step is for the Court to determine whether Debtor has shown good cause for reopening his case. There are many types of situations in which a debtor may legitimately request that his or her case be reopened to address changed circumstances or events that occurred since the case was closed. These include requests for lien avoidance or interpretation of court orders or finding violations of the automatic stay. Not every request to reopen shows good cause though. A bankruptcy court that refuses to reopen a Chapter 7 case that has been closed will not abuse its discretion if it cannot afford the moving party any relief in the reopened case. *In re Schicke*, 290 B.R. 792, 798 (10th Cir. B.A.P. 2003).

Assuming the case were reopened, Debtor's request that his discharge be set aside would necessarily depend on 11 U.S.C. § 727(d). That statute provides:

> On request of the trustee, a creditor, or the United States Trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if–
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

>   (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee;
>   (3) the debtor committed an act specified in subsection (a)(6) of this section; or
>   (4) the debtor has failed to explain satisfactorily--
>       (A) a material misstatement in an audit referred to in section 586(f) of title 28; or
>       (B) a failure to make available for inspection all necessary accounts, papers, documents, financial records, files, and all other papers, things, or property belonging to the debtor that are requested for an audit referred to in section 586(f) of title 28.

Debtor's discharge was granted pursuant to § 727, as stated in the Court's Order dated July 13, 2005 (docket #7). Obviously Debtor is not one of the approved parties allowed to request that the discharge be revoked but it is conceivable that he might convince either the case trustee or the U.S. Trustee of the equity of his request if the motion was served on them.

Unfortunately for Debtor, as is clear from the language quoted above, the statutory provision for revocation of discharges is geared toward individuals who have forfeited the right to have a discharge of their debts because of a bad act on the part of the debtor. It is a punishment rather than a reward and "the provisions of § 727(d) are exclusive." *Matter of Calabretta*, 68 B.R. 861, 863 (Bkrtcy.D.Conn.1987). There are policy reasons for the failure to include a provision to reward successful debtors with a revocation of their discharge.

The Court finds that while this issue is unusual, the policy behind it has been eloquently set forth by a Bankruptcy Judge in Illinois:

>   Even assuming that no creditor would object to the debtor's motion -a fact which is not before the Court-the debtor has received the benefit of the discharge order, including the luxury of being able to choose to repay his

3

> creditors on his own time schedule. His creditors, on the other hand, have experienced delay and inconvenience as a result of the bankruptcy proceeding. To allow debtor to revoke his discharge and/or to dismiss his bankruptcy case after he has enjoyed the manifest protection of the automatic stay for months, after creditors have been forced to come to this Court for relief from stay to pursue their state-law remedies, and after the Court has entered the discharge, would undermine the integrity of the bankruptcy system. Moreover, the Court will not diminish the efforts of those chapter 13 debtors who are successful in carrying out a plan of reorganization by allowing chapter 7 debtors who repay their creditors to pass through bankruptcy without the restrictions and obligations placed on their chapter 13 counterparts and free of the unpleasant side effects, of the discharge order.

*In re Wyciskalla,* 156 B.R. 579, 583 (Bkrtcy.S.D.Ill.,1993) (citations omitted). The fact that Debtor's discharge was entered nearly **five years** ago makes this reasoning all the more powerful than when it was applied to an individual who enjoyed the benefits of a discharge for only months.[2]

Debtor also relies on Fed.R.Civ.P.60 (b)(5) as a basis for the relief he requests. That rule has been incorporated into the Federal Rules of Bankruptcy Procedure by Fed.R.Bankr.P. 9024. Rule 60 (b)(5) provides that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding" for reasons that include "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Again, Debtor argues that the application of the discharge to him is no longer equitable.

> The final ground of Rule 60(b)(5) is based on the historic power of a court of equity to modify its decree in the light of changed circumstances. Although the principal significance of this portion of the rule is with regard to injunctions, it is not confined to that form of relief, nor even to relief that

---

[2] This analysis is, of course, in addition the fact that §727(e) provides for requests for revocation to be made before the later of "one year after the granting of such discharge; and the date the case is closed."

> historically would have been granted in courts of equity. Any such restriction would be inconsistent with the merger of law and equity. Instead it applies to any judgment that has prospective effect as contrasted with those that offer a present remedy for a past wrong.

*In re Willoughby*, 324 B.R. 66, 74 (Bkrtcy.S.D.Ind. 2005), (*quoting* 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2863, p. 336-37 (1995)).

That equitable power does not come without some definite, although less than explicitly set forth, limits though.

> In relevant part, [11 U.S.C. §105(a)] provides that the bankruptcy court 'may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.' By its very terms, Section 105(a) limits the bankruptcy court's equitable powers, which 'must and can only be exercised within the confines of the Bankruptcy Code' and 'cannot be used in a manner inconsistent with the commands of the Bankruptcy Code.'

*In re Dinova*, 212 B.R. 437, 446 (2nd Cir. B.A.P. 1997) (citations omitted). Put more directly, "the bankruptcy court's power under § 105 is not a limitless authorization to do whatever seems equitable." *In re Hawkins*, 187 B.R. 294, 301 (Bkrtcy.N.D.Iowa,1995).

A review of case law to examine grounds found generally sufficient to meet Rule 60(b)(5)'s "no longer equitable" standard clearly reveals that it is not meant to be a catchall for whatever the court decides is sufficiently equitable. "Generally relief is granted only when 'new and unforeseen conditions' cause 'extreme and unexpected hardship' so that the 'decree is oppressive.'" *In re Woodcock,* 326 B.R. 441, 447 (8th Cir. B.A.P. 2005) (quoting *Assoc. of Retarded Citizens of North Dakota v. Sinner*, 942 F.2d 1235, 1239 (8th Cir.1991)).

The Court cannot find that there are any unforeseen conditions in Debtor's situation. In fact, as Debtor himself said, his bankruptcy "worked" and, in terms of giving the Debtor a fresh start and putting him back on his feet, it is exactly what is aimed for when the process is started. Consequently, the Court cannot find that Debtor is entitled to relief

pursuant to Rule 60 (b)(5).[3] It is simply not within the Court's power to grant the relief ultimately requested by Debtor.

Finally, the Court notes that Debtor acknowledges that he could pay his remaining Creditors the amount of the debts that were discharged and that they would apparently accept such payments. What he would like though is the opportunity to negotiate with these Creditors and obtain a satisfaction of the debt at a discounted price. He argues that debtors whose debts have not been discharged "routinely" get this opportunity but his discharge precludes him from having that option. While such a practice may seem commonplace to Debtor, the Court notes that there is no absolute right of any type for a debtor to pay a creditor less than the amount agreed to when the debt was incurred; and, it seems unlikely that most people are able to negotiate their debts down before they pay them. Debtor is certainly free to continue to attempt that method, but his argument implying that is a norm is misplaced. Debtor's discharge has legal consequences. At the time of its entry, Debtor readily accepted the relief he sought. The Court will not, almost five years later, undo the effects of its discharge order. While Debtor's desire to make financial restitution to his creditors is certainly laudable, his desire to do it on his own terms is not something with which the Court can aid him.

IT IS THEREFORE ORDERED that Debtor's Motion to Reopen Pursuant to Local Rule 5010-1 and Motion to Set Aside Discharge Order Per Rule 60(b)(5) is Denied.

Dated this 24th day of June, 2010.

**BY THE COURT:**

*Howard Tallman*
_____
Howard R. Tallman, Chief Judge
United States Bankruptcy Court

---

[3]In addition, F.R.Bank.P. 9024 explicitly provides that Rule 60 motions must be made within the time allowed by Rule 727(e), except within certain narrow circumstances.